# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| PHYLLIS M. DAUGHERTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16CV183 CEJ |
| | ) | |
| LINDA PRING, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Phyllis M. Daugherty seeks leave to proceed in forma pauperis in this civil action related to her mortgage service provider. Although plaintiff's motion to proceed in forma pauperis will be granted, she will be asked to show cause why this action should not be dismissed based on for lack of subject matter jurisdiction. *See* Federal Rule of Civil Procedure 12(h)(3).

## Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

### The Complaint

Plaintiff, Phyllis M. Daugherty, has filed the present action against defendants Linda Pring, USA Mortgage/DAS Acquisition, Bank of America ("BAC"), Shelter Insurance Company, Phelps County Courts, Frank Hawkins, Rolla Missouri Police Department, Shannon Haun and Phelps County Bank.

Plaintiff's complaint is somewhat incoherent, but it appears that plaintiff is asserting that she believes that her mother, Ruth Warren, was defrauded by an individual named Joe Shawl, a representative of USA Mortgage/DAS Acquisitions, sometime prior to the Fall of 2010. Plaintiff states that her mother had just closed on her house in Florissant and was told by Mr. Shawl that she was required to pay $1369.00, presumably for her insurer, Shelter Insurance Company. Plaintiff believes that this request for money was fraudulent.

Plaintiff states that her mother's loan was transferred from USA Mortgage/DAS Acquisitions to BAC on September 7, 2010; however, BAC returned the loan to USA Mortgage/DAS Acquisitions in June of 2011. Plaintiff states that she believes the loan was transferred by BAC due to "illegal housing practices."

Plaintiff states that on August 1, 2011, Mrs. Warren received a letter from USA Mortgage/DAS Acquisitions' attorney claiming she was in default and owed $2,855.49 on or before September 1, 2011. Plaintiff claims her mother passed away ten days after receiving the letter. Plaintiff claims that the ownership of the house passed to her after her mother's death.[1]

---

[1] A review of plaintiff's bankruptcy filings, as well as the filings on Missouri.Case.Net, show that Mrs. Warren died intestate. However, on or about September 3, 2010, Mrs. Warren executed a transfer on death deed in favor of plaintiff. Although Mrs. Warren died on September

2

The Court takes judicial notice of a bankruptcy proceeding filed by plaintiff on June 5, 2012, captioned *In re Phyllis Daugherty*, Case No. 4:12-45485 (E.D.Mo.). The record of that proceeding reflects that plaintiff represented to the bankruptcy court that she had made mortgage payments on the Florissant property to USA Mortgage/DAS Acquisitions prior to the probate court's adjudication that plaintiff was the rightful owner of the property. Although USA Mortgage/DAS Acquisitions acknowledged receipt of the payments, the parties continued to litigate the amounts due in pre- and post-petition arrearage and nterest for unapplied payments. *See id.* In the instant complaint, plaintiff alleges:

> After the death of Mrs. Warren USA Mortgage continued its harassment to the plaintiff by illegally opening a Home Owner insurance policy in the name of Mrs. Warren. . .These illegal actions of USA Mortgage/DAS Acquisitions also caused the arrest, confinement, and criminal charges and malicious prosecution brought against Phyllis Daugherty by Phelps County in Rolla Missouri regarding the illegal insurance policy opened by USA Mortgage.

In the complaint plaintiff fails to state the jurisdictional basis for filing this action in federal court. Plaintiff identify any federal laws or provisions of the United States Constitution giving rise to federal question jurisdiction under 28 U.S.C. § 1331. Also, plaintiff has not alleged facts establishing that the parties are citizens of different states and that the amount in controversy exceeds $75,000 which is necessary to establish diversity jurisdiction under 28 U.S.C . § 1332. Therefore, the Court will require plaintiff to show cause why this matter should not be dismissed for lack of subject matter jurisdiction. In her response to the show cause order, plaintiff must (1) specifically cite the provisions of the United States Constitution or the federal

---

11, 2011, the deed was not recorded until June 22, 2012. It appears that plaintiff filed a petition for letters of administration in the St. Louis County Probate Court on March 5, 2012, but this proceeding was dismissed for failure to prosecute on May 24, 2012. Plaintiff filed another probate action on March 31, 2015, and she and her three brothers were identified as heirs. Plaintiff's brothers filed documents disclaiming all interest in their deceased mother's property. The probate case was closed as of June 17, 2015.

statutes on which her claims are based or (2) identify the state in which she is a citizen, the state in which each defendant is a citizen, and the amount of money that is in controversy .[2]

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall have until **March 26, 2016**, to show cause in writing why this action should not be dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that plaintiff's failure to file a timely response to the order to show cause will result in a dismissal of this action without prejudice.

Dated this 25th day of February, 2016.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff should consult with her bankruptcy attorney to determine whether the claims she seeks to assert in this lawsuit are more properly asserted in or have already been adjudicated in the pending bankruptcy proceeding.